## LEHMAN et al. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 143.

Circuit Court of Appeals, Second Circuit.

Jan. 22, 1940.

Edgar J. Bernheimer, of New York City (Sydney J. Schwartz, of New York City, of counsel), for petitioners.

Samuel O. Clark, Asst. Atty. Gen., and Sewall Key and F. E. Youngman, Sp. Assts. to Atty. Gen., for respondent.

Before L. HAND, CHASE, and PATTERSON, Circuit Judges.

PATTERSON, Circuit Judge.

The question is whether certain property which the decedent during his lifetime had the right to withdraw from trusts was properly included in his estate for purposes of estate tax. The decedent died in 1933. In 1930 he and his brother Allan owned equal shares in stocks and bonds held in an account for them by bankers. The decedent agreed to transfer his share in trust for Allan and his issue, in consideration of Allan transferring his share in trust for the decedent and his issue. On December 6, 1930, the decedent executed two trust indentures, each covering one-half of his share of the securities, the trustees to pay the income to Allan for life, with remainder to Allan's issue. Under each indenture the life tenant, Allan, had the right to withdraw $75,000 from the principal of the trust prior to December 31, 1935. Simultaneously Allan executed two trust indentures, each covering one-half of his share of the securities, the trustees to pay the income to the decedent for life, with remainder to the decedent's issue. Under each of the two trusts set up by Allan, the decedent was given the right to withdraw $75,000 from principal prior to December 31, 1935. The decedent never exercised his right of withdrawal.

■■ The Board of Tax Appeals held that the decedent's right to withdraw $150,000 rendered $150,000 of the trust funds includible in his gross estate for tax purposes.

We have no doubt of the correctness of the Board's decision. Under section 302 of the Revenue Act of 1926 the gross estate of a decedent for purposes of estate tax included property: "(d) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend, or revoke * * *".

If the decedent had transferred his share of the property to trustees for his own use for life, remainder to his issue, and had reserved power to withdraw $150,000 from the principal prior to December 31, 1935, no one would dispute that under section 302(d) the property transferred, to the extent of $150,000, was to be deemed part of the decedent's estate for purposes of estate tax. Reinecke v. Northern Trust Co., 278 U.S. 339, 49 S.Ct. 123, 73 L.Ed. 410, 66 A.L.R. 397. The present case is in substance the same. The decedent transferred his share in trust for his brother for life, remainder to the brother's issue, with the right in the brother to withdraw $150,000 from principal, and in exchange the brother transferred his share on similar trusts for the decedent and issue, with a similar right in the decedent to withdraw $150,000. The properties transferred were indistinguishable. The fact that the trusts were reciprocated or "crossed" is a trifle, quite lacking in practical or legal significance. In re Perry's Estate, 111 N.J.Eq. 176, 162 A. 146. The law searches out the reality and is not concerned with the form. See Matter of Orvis' Estate, 223 N.Y. 1, 8, 119 N.E. 88, 3 A.L.R. 1636.

■ In this case it happened that the trusts were identical, and the case for a tax is the stronger for it; but the outcome would be the same if the decedent had transferred his share outright to his brother. The decisive point is that the decedent by transfer of his share to the brother or for the brother's use or according to the brother's direction caused the brother to make a transfer of property in trust under which the decedent had the right to withdraw $150,000 from principal. While section 302(d) speaks of a decedent having made a transfer of property with enjoyment subject to change by exercise of power to alter, amend or revoke in the decedent, it clearly covers a case where the decedent by paying a quid pro quo has caused another to make a transfer of property with enjoyment subject to change by exercise of such power by the decedent. See 52 Harvard Law Review 1015. "A person who furnishes the consideration for the creation of a trust is the settlor, even though in form the trust is created by another." Scott on Trusts, section 156.3. X transfers property in trust for himself for life, with power of revocation. Y goes about it in a slightly different way; he pays cash or transfers property to another who in consideration of the cash or property sets aside or transfers securities in trust for Y for life, with power in Y to terminate the trust and take the principal. Does anyone suppose that X's estate is taxable under section 302(d) but that Y's estate is not? Here the transfer by the decedent's brother, having been paid for and brought about by the decedent, was in substance

a "transfer" by the decedent, and the property so transferred formed part of his taxable estate by virtue of section 302(d), to the extent that the decedent had power "to alter, amend or revoke" the enjoyment of it, that is to say, to the extent of $150,000.

The fact that the transfers took place prior to the Revenue Act of 1932, wherein section 302(c) was amended 26 U.S.C.A. § 411(c) prevented imposition of estate tax on the entire property put in trust by the brother for the decedent's life use. Hassett v. Welch, 303 U.S. 303, 58 S.Ct. 559, 82 L.Ed. 858. As it is, such property, to the extent of the decedent's power to withdraw $150,000, was property included in his taxable estate by virtue of section 302(d).

Affirmed.