OPINION. Van Fossan, Judge: The notices of deficiency give no hint of respondent’s theory in adding the trust corpus to the taxable estate of the life income beneficiary. The statement in the case of Samual S. Lindsay was as follows: “The transfer by Helen P. Lindsay on December 28, 1934, is considered to form a part of the decedent’s gross estate under section 302 of the Revenue Act of 1926, as amended.” The statement in the companion case is identical except for change of name. At the hearing respondent’s counsel shied away from the suggestion that the determination was based on the theory that the trusts were reciprocal or cross trusts, stating that the respondent was not depending on the theory that each trust was made in consideration of the other. On brief, however, counsel for the respondent sums up his argument thus: The trusts created by petitioners were what is sometimes designated as reciprocal trusts and sometimes as cross trusts. It is immaterial whether each was created in consideration of the other. Petitioners have failed to establish that they were not so created. He concludes his brief by stating: It is submitted that petitioners have failed to sustain the burden of proving that these transfers in trust were separate, independent and unconnected transactions. It might be sufficient for the purpose of decision to state merely that respondent erred in the above conclusion; that petitioners have successfully carried their burden and have established that the transfers were “separate, independent and unconnected transactions.” Such is the record. The parties have stipulated that the transfers were not made in contemplation of death. We conclude similarly that they were not made to take effect in possession or enjoyment at or after death. This leaves for consideration respondent’s argument that the trusts are reciprocal and that each decedent should be, for the purposes of estate tax, regarded as the real owner of the property of which he was the life income beneficiary and the corpus of the property accordingly included in the gross estate. We are satisfied, on the record, that there was neither agreement nor tacit understanding between the two grantors that the trusts should be created. The facts show that the idea of making the wife his life income beneficiary was first suggested to the husband by his son and that the father demurred but finally yielded to the suggestion. When the husband was about to consummate the transfer by execution of the trust he showed the instrument to his wife. She thereupon also consulted her son, who had drawn up the husband’s agreement, aiid told him substantially that she wished to make a similar trust, but she did not want her husband to know-anything about it. This plan was carried out and she executed her agreement, so far as the record shows, without the knowledge of her husband. The son testified that he suggested to his mother that his father be made the life income beneficiary in her trust. He also suggested to his mother the amount to be placed in the trust, which action accounts for the fact that the trusts were of practically equal value when created. But the facts that the trusts were executed about the same time, were in substantially equal amounts, and had similar provisions are not conclusive that the trusts were interdependent and were executed in consideration of each other. See Marrs McLean, 41 B. T. A. 1266, and the opinion of the Circuit Court of Appeals affirming that case on this point, 127 Fed. (2d) 942, 943. The clear inference from the testimony of the son, who, as lawyer for both grantors, drew the trust agreements and suggested the life income provisions, is that there was no concert of action or prearranged agreement between the parties. Respondent urges that we should apply what he terms the theory of the Clifford case (Helvering v. Clifford, 309 U. S. 331),'but we are unable to follow his reasoning. The holding in the Clifford case, which involved income taxes and the interpretation of the broad language of section 22 (a) of the revenue act, was dependent on the retention of rights by the grantor. Here there is no such picture. The trusts were irrevocable and the grantors retained no rights, either in income or corpus. The mere fact that these cases involve husband and wife is not alone sufficient for applying the doctrine of Helvering v. Clifford, supra. We are likewise satisfied that this is not a case for the application of the doctrine of cases such as Lehman v. Commissioner, 109 Fed. (2d) 99, and Estate of Frederick S. Fish. 45 B. T. A. 120. The facts, lacking in those cases, to show the actual independence of the two transfers are proven in the instant cases. We hold that the trusts were not reciprocal, were not made each in consideration of the other, and that respondent erred in adding the corpus of each trust to the taxable estate of the life income beneficiary. Section 302 of the Revenue Act of 1926, as amended, does not cover transfers such as those here presented. It was stipulated that the respective petitioners may claim credit in the computation consequent hereon for state estate, inheritance, legacy, or succession taxes paid. Decisions will he entered under Bule 50.