## COLE'S ESTATE v. COMMISSIONER OF INTERNAL REVENUE (two cases).

### Nos. 12723, 12724.

Circuit Court of Appeals, Eighth Circuit.

Feb. 18, 1944.

Ira C. Oehler, of St. Paul, Minn., for petitioners.

Irving I. Axelrod, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Joseph M. Jones, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before THOMAS, JOHNSEN, and VAN VALKENBURGH, Circuit Judges.

THOMAS, Circuit Judge.

These are petitions for review of decisions of the Tax Court of the United States, affirming a determination by the Commissioner of Internal Revenue of a deficiency of $10,174.49 in estate tax against the estate of Mary M. Cole, and redetermining a deficiency of $10,130.83 against the estate of Haydn S. Cole. Pursuant to an order of this court the two cases were consolidated for submission here, as they were in the Tax Court; and they may conveniently be disposed of in a single opinion.

The cases are submitted upon the facts found by the Tax Court. The decedents were husband and wife. They were married on April 27, 1887. On October 8, 1889, they each became stockholders of the St. Paul Fire and Marine Insurance Company, hereinafter called the Insurance Company. Neither of them ever sold any of their stock in the company. On October 8, 1931, decedents owned 1200 shares of the stock, of which Haydn S. Cole owned 800 shares and Mary M. Cole owned 400 shares. On that day they created similar irrevocable trusts, naming Haydn S. Cole and their son, Wallace H. Cole, trustees in each case. The corpus of the Haydn S. Cole trust consisted of 600 shares (afterwards raised to 700 shares) of the Insurance Company stock, and the Mary M. Cole trust of 300 shares. At that time they were both persons of independent wealth. They had two children and four grandchildren. Haydn S. Cole had been a director of the Insurance Company for many years. The trust agreements each provided that the income of the corpus should be paid to the spouses for life, then to their children for life, and then to their grandchildren. The agreements also provided for the final termination of the trusts and for the distribution of the trust funds.

After 1914 the decedents kept their money deposited in an account entitled "Haydn S. Cole and Mary M. Cole", and after January 1, 1932, and during the lifetime of the decedents, all of the income from both trusts was paid into and credited to that account.

Haydn S. Cole died testate on February 13, 1939, at the age of 77. On that date the corpus of the trust created by him consisted of 700 shares of the Insurance Company stock of the fair market value of $157,850. Mary M. Cole died intestate on March 4, 1939, at the age of 74; and the corpus of the trust created by her consisted of 300 shares of the Insurance Company stock of the fair market value at that time of $68,100.

The petitioner, executor and administrator respectively of the estates of Haydn S. Cole and Mary M. Cole, filed estate tax returns for both estates, but did not include the corpora of the trusts in the returns. In his notices of deficiencies the Commissioner included as a part of the gross estates of each decedent the sums of $157,850 and $68,100, respectively, representing the value at the date of death of the 700 and 300 shares of the stock of the Insurance Company. On this basis the Commissioner determined deficiencies in the estates of $27,198.70 and $10,174.49, respectively.

The Tax Court concluded that the trusts were reciprocal to the extent of 300 shares of stock and held that as to each decedent the corpus of the trust in which he was life beneficiary should be, to the extent of 300 shares, included in his gross estate. The court affirmed the $10,174.49 deficiency in the Mary M. Cole estate tax and redetermined the deficiency in the Haydn S. Cole estate to be $10,130.83.

The Tax Court's decisions are based upon its interpretation and application of § 811 (c) of the Internal Revenue Code, 26 U.S. C.A. Int.Rev.Code § 811, which reads:

"Gross estate. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property * * * wherever situated * * *

"(c) Transfers * * * taking effect at death.—. * * * To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, * * * under which he has retained for his life * * * the right to the income from, the property."

The question for determination is whether the Tax Court correctly held, under the facts stated, that the respective grantors of the two trusts in effect retained the income for life of 300 shares of the Insurance Company stock so as to warrant the inclusion of such 300 shares in their respective gross estates under the foregoing statute.

The substance of petitioner's contentions is that (1) Section 811(c) does not authorize the deficiency because the creation of each trust and the transfer of stock to each trust constituted a completed gift inter vivos not subject to an estate tax; (2) the Tax Court made no finding that one trust was made in consideration of the other, and there is no presumption of law that reciprocal trusts are created in consideration of each other; and (3) facts must be looked to in determining the question of consideration, in connection with which motives and circumstances must be given due weight.

Petitioner's first contention assumes the fact in issue, and the argument does not aid in determining whether the court erred in applying the statute, supra.

■■■ The contention that the Tax Court made no finding that one trust was made in consideration of the other overlooks an important part of the court's opinion. The Tax Court adopted the language of the Board of Tax Appeals in Estate of Frederick S. Fish, 45 B.T.A. 120, a case presenting a comparable situation. There the Board said: "* * * The two trusts were clearly reciprocal; the property of the wife was in effect *exchanged* for that of the husband; and the rights each received under the trust created by the other were of the unrestricted character not essentially to be distinguished from complete ownership." (Italics supplied.) Upon that theory the Tax Court said in respect of the situation presented here: "* * * each decedent must be regarded, to the extent of 300 shares, as the owner of the corpus of the trust in which he was the life beneficiary and the other decedent the nominal grantor." In other words, the Tax Court held that the situation is the same as if one decedent had "exchanged" 300 of his shares for 300 shares of the other. It requires no citation of authority for the proposition that in an exchange the property received is consideration for the property given.

638

It can not, therefore, fairly be said that the Tax Court made no finding in respect of consideration. Assuming, arguendo, that no specific finding of consideration was made, the court's decision may be sustained on another basis. Each decedent by the trusts created may be regarded as having "retained for his life * * * the right to income from" the 300 shares which he himself transferred to the trust created by him on the theory of family relationship and equivalents. For, as a result of the terms of the identical and simultaneous trusts and of "the familial relationship", each decedent "retained the substance of full enjoyment of all the rights [for life] which previously he had in the property." Helvering v. Clifford, 309 U.S. 331, 336, 60 S.Ct. 554, 557, 84 L.Ed. 788. To the extent of the income from 300 shares of the stock there was no change in the economic position of either grantor.

■ It would be useless to extend this opinion with an analysis of the decisions of the courts, because, when upon review of the decisions of the Tax Court this court "cannot separate the elements of a decision so as to identify a clear-cut mistake of law, the decision of the Tax Court must stand." Dobson v. Commissioner of Internal Revenue, 320 U.S. 489, 502, 64 S.Ct. 239, 247, 88 L.Ed. ——, ——.

The conclusion of the Tax Court, however, finds some support in the following court decisions: Griffiths v. Commissioner, 308 U.S. 355, 60 S.Ct. 277, 84 L.Ed. 319; Helvering v. Le Gierse, 312 U.S. 531, 61 S.Ct. 646, 85 L.Ed. 996; Helvering v. Mercantile-Commerce Bank & Trust Co., 8 Cir., 111 F.2d 224; White v. Higgins, 1 Cir., 116 F.2d 312; Lehman v. Commissioner, 2 Cir., 109 F.2d 99.

It is contended, in the third place, that in determining the question of reciprocal consideration the motive of the decedents should be considered. Attention is directed to the preamble of the Haydn S. Cole agreement, reading:

"That, whereas the party of the first part has been a stockholder in the St. Paul Fire and Marine Insurance Company for more than forty years and a director in said company for more than twenty-five years and intends that the stock he now owns in said company remain in his family for many years more and to accomplish that end creates this trust."

Petitioner contends that the motive to retain the ownership of the stock owned by Haydn S. Cole "in his family for many years more" is inconsistent with the conclusion of the Tax Court and could not have been considered by it. There is nothing to indicate that the Tax Court did not give this expressed motive of the decedent full consideration. Assuming that retention of ownership of the stock in the family was a motive of each of the decedents in creating the trusts, to accomplish such purpose it was unnecessary to give to each other a life interest in the income of each other's stock. That purpose would have been achieved by giving the income directly to the children. Further, "* * * with few exceptions the law attaches legal consequences to what parties do, quite independently of their private purpose or intent." Richardson v. Smith, 2 Cir., 102 F.2d 697, 699, 125 A.L.R. 774. The Tax Court did not hold that decedents created the trusts to avoid estate taxes. The decision is based upon the legal effect of the trust agreements coupled with the circumstances and facts recited in the finding of facts.

The decisions of the Tax Court are affirmed.