**HANAUER'S ESTATE v. COMMISSIONER OF INTERNAL REVENUE.**

No. 218.

Circuit Court of Appeals, Second Circuit.

June 19, 1945.

Harry J. Rudick and Morris L. Ernst, both of New York City, for petitioners.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, A. F. Prescott, and Robert Koerner, Sp. Assts. to the Atty. Gen., for respondent.

HINCKS, District Judge.

This is a petition by the executors under the will of Jerome J. Hanauer to review a decision of the Tax Court sustaining a deficiency in the estate tax assessed against the estate which had resulted from the failure of the executors to include in the gross estate the value of the corpus of a trust created by the decedent's wife on June 3, 1932. On that day, the decedent and his wife had each transferred in trust a substantial portion of their respective estates.

The indenture executed by the decedent limited the trust corpus to life estates first in his wife and then in his daughter with remainder interests over to his daughter's husband and his grandson. Under this indenture, his wife and his daughter's husband were named as trustees, and powers of amendment and termination of ample breath to change the rights of enjoyment were vested in the wife and daughter jointly, and the survivor of them. His wife's indenture was for all present purposes iden-

858

tical except that therein for the wife the decedent was substituted as the tenant of the prior life estate, as one of the joint trustees, and jointly with the daughter as a recipient of the power of amendment.

These two indentures were executed by their respective grantors on the same occasion and at the same time. To the decedent's indenture his wife Carrie subscribed once in her capacity as trustee and once in her capacity as a beneficiary: to the wife's indenture the decedent subscribed both as trustee and beneficiary. Prior to the transfer the decedent's entire estate was worth $5,000,000. The value of the property included in his transfer was $751,-132.45. Prior to her transfer the value of the wife's entire estate was "not less than" $1,250,000, and the value of the property included in her transfer was $723,740.96.

The decedent died testate on December 3, 1938, at the age of 63, leaving surviving him his widow, Carrie, aged 61, his daughter, aged 35, and her husband, aged 42, and his grandchild, aged 14.

The question presented is whether the Tax Court was right in holding that for purposes of the estate tax assessment the value, as of the date of decedent's death of the corpus of the trust under the indenture executed by the decedent's wife was properly included in the computation of the value of the decedent's estate.

The applicable statute is Sec. 302 of the Revenue Act of 1926, as amended by Sec. 401 of the Revenue Act of 1934, 26 U.S. C.A. Int.Rev.Acts, page 229. This statute provides for the inclusion in the decedent's gross estate of "the value at the time of his death of all property * * *

"(d) (1) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend, or revoke, or where the decedent relinquished any such power in contemplation of his death, except in case of a bona fide sale for an adequate and full consideration in money or money's worth."

The case here, we think, is controlled by the doctrine of Lehman v. Commissioner of Internal Revenue, 2 Cir., 109 F.2d 99. In that case this court was concerned with the application of Sec. 302(d) of the Revenue Act of 1926 which for all present purposes

is identical with the statute applicable here. There the two Lehman brothers had simultaneously executed reciprocal trusts whereby each was given power on demand to acquire outright a substantial portion of the trust corpus set up by the other. Thus the decedent at the time of his death had power to change the enjoyment of the property, or part of it, which his brother had transferred in trust. And although under the Act no part of the corpus of the trust arising under the indenture executed by the decedent was includable in the decedent's gross estate, this court held that to the extent that the decedent's property, by its transfer in trust, had served as a quid pro quo effective to bring about his brother's transfer, for purposes of the estate tax the decedent must be treated as the actual settlor under the indenture executed by his brother,—or, in the words of the Act, as the person who had "made a transfer" in the sense that by the transfer of his own property and the consequent impoverishment of his own estate he caused the transfer of his brother's property to be made.

Here the Tax Court has found that the decedent and his wife "did not consider the creation of their respective trusts and did not execute them independently and apart. Each created his respective trust in consideration of the other." Also that "Carrie H. Hanauer created her trust because her husband, the decedent, created his trust." We take these findings to mean that the estates created by decedent's trust served as a quid pro quo for the trust which he caused his wife to make.

There was abundant evidence to support those findings, much conceded and much adduced by the petitioners themselves. The decedent's wife was a person concededly without business or investment experience who in matters relating to her separate estate was accustomed to rely upon the business men of the family. Although she is stated herself to have decided that her trust corpus should not exceed in size one-half of her estate, she left it to her husband and son-in-law to determine the magnitude of the trust within this limitation and to select from her portfolio the securities which should be included. When first informed by her lawyer of her husband's plans himself to create a family trust she asked, "Well, if it is good enough for Jerome, why is it not good enough for me?" Indeed, in her testimony in this case the wife gave as a reason for her action her conviction that "if he (the decedent)

thought it was good for him it would be good for me to do too."

The mental attitude of the decedent's wife as thus revealed, supplemented by the conceded fact that with the wife's knowledge and active participation the two trust indentures were contemporaneously developed and executed as though all part of a single transaction, was sufficient in the light of the record here to support the crucial findings. There being no contention that the decedent's transfer was one made in contemplation of death, his motive was not controlling. Somewhat similarly, the fact—if it may be deemed a fact in the absence of a precise finding—that the decedent's wife when she executed her trust did not know the value of the corpus included in the decedent's trust, does not vitiate the ultimate finding. At least she believed that the decedent was creating a trust of substantial dimensions for the benefit of family beneficiaries. That belief, coupled with other relevant evidence in the record, was sufficient to support a finding that her transfer was caused by his. That was enough. And the fact that the decedent a few years later made a substantial addition to the corpus of his trust without corresponding action on her part is irrelevant for present purposes.

The petitioners rely heavily on Lindsay Estate v. Commissioner of Internal Revenue, 2 T.C. 174, where on facts roughly parallel with those involved here the court had made findings which took the case outside the scope of the Lehman doctrine. But in the Lindsay case the husband had been considering the creation of his trust long before the wife was shown to have given the subject-matter any thought. And she executed her trust some two weeks earlier than her husband. More important yet, the finding in that case failed to disclose that the wife's mental attitude and habit was to follow her husband's lead in capital decisions. In that case, the wife as well as the husband had died so that the Tax Court was concerned with both estates, and its findings on the genesis and development of the husband's trust gave scant ground, if any, for the conclusion that his transfer had been at all influenced by his wife's action.

We find no fundamental inconsistency in the action of the Tax Court in the Lindsay case and its action here. In both cases it was within the power of the trier of fact to make its own conclusion from the basic facts. Because in the earlier case it had found the preponderance of evidence to favor the taxpayers, neither due regard for legal principle nor indeed for consistent action required it to make a similar finding upon the different record presented here, where basic facts conceded by the petitioners furnished sound ground for the ultimate conclusion of fact.

The case of Commissioner of Internal Revenue v. McLean, 5 Cir., 127 F.2d 942, upon which also the petitioners rely, was one in which the Commissioner had invoked the Lehman doctrine to augment a gift tax. Without passing upon the questions of law which were involved there but not here, we need only reiterate that the findings made there upon a different record cannot serve to impeach the findings here.

Our holding here, of course, does not import that the value of the entire corpus of every reciprocal trust, the creation of which is brought about by a disposition of the decedent's property, must be included in the decedent's gross estate irrespective of the relative size of the two corpora. Nor should it be taken as an intimation that the evidence here would support a finding that the wife's transfer was effective to bring about the decedent's transfer, —a finding not essential to support the result reached here. The problem that will exist when the value of the corpus transferred from a decedent's estate is substantially less than the original value of the corpus of the reciprocal trust does not now confront us. For here, in that the original value of the corpus deriving from the decedent's wife is somewhat less than that of the property transferred from the decedent's estate, the decedent was properly held to have caused the entire transfer of which his wife was the nominal settlor. Doubtless in other cases in which the value of the property transferred from the decedent's estate is less than that of the reciprocal trust, that lesser value will constitute a factor limiting the portion of the reciprocal corpus which may be included in the decedent's gross estate,—only in part will it constitute a quid pro quo for a larger reciprocal trust. And if, due to this limiting factor, only a part of the value of the reciprocal corpus is includable in the gross estate, how an increment (or shrinkage) in the value of the entire reciprocal corpus accrued prior to the decedent's death shall be reflected in the portion thereof to

be included in the gross estate is a problem which can be dealt with when it arises. Cf. Cole's Estate v. Commissioner of Internal Revenue, 8 Cir. 140 F.2d 636, 151 A. L.R. 1139; Colonial Trust Co. v. Commissioner of Internal Revenue, 2 Cir., 111 F.2d 740.

Since here we have valid findings which bring the case within the scope of the Lehman doctrine, the order of the Tax Court was plainly right. For since the decedent under that doctrine is to be treated as the settlor of his wife's trust, the powers of amendment therein conferred upon him to be exercised jointly with his daughter, brought the case within the scope of Sec. 302(d) of the Revenue Act of 1926, as amended.

Affirmed.