OPINION. Tietjens, Judge: The issue presented in this proceeding arises out of the respondent’s determination whereby he has included in the decedent’s gross estate a portion of the value of property separately owned by her husband and transferred by him to two irrevocable trusts on August 19, 1935, as to each of which a daughter was the primary life income beneficiary and the decedent was the contingent income beneficiary for life if she survived the daughter. The respondent valued the decedent’s interest in the two trusts created by her husband (with each value as of June 16, 1949, the alternative date after the decedent’s death) as being the total value of the corpora of the two trusts amounting to $532,403.83 less $252,892.23 representing the total value of the two primary life estates resulting in a value of $279,511.60, but he limited the amount includible in the decedent’s estate to the sum of $270,315.16 representing the value of the property actually transferred by decedent to an irrevocable trust created by her on August 19, 1935. As to the latter trust the decedent’s husband was the primary life income beneficiary and the two daughters were the secondary beneficiaries. The question presented is whether the facts herein bring this case within the established “reciprocal” or “crossed” trust doctrine so that the decedent may be properly treated as the person who “at any time made a transfer” of property in two trusts (nominally created by her husband and granting her a contingent life income estate) under which “the income from the property” has been “retained” by her for life or any period not ascertainable without reference to her death or which does in fact end before her death, within the meaning of section 811 (c) (1) (B) of the Code.[1] Bespondent contends that it is wholly immaterial to the issue that the pending suit and possible loss of Philip Buxton’s personal fortune was a motivating cause of the husband creating two trusts with the daughters as primary income beneficiaries and the decedent creating a trust to provide her husband with an assured independent income for life and that in any event such circumstances do not detract from the reciprocity of the trusts. Bespondent contends that the decedent and her husband conceived a plan and acted in concert for the purpose of forming an entity or combination of three trusts as to which either one without the other would have been ineffectual to accomplish the desired result. Further, respondent contends that the decedent’s trust was made in consideration of the husband’s two trusts, and vice versa, and having paid a quid pro quo she in substance made the transfer in two trusts with a retained interest in the income for a period which does not in fact end before her death. In support of the application of the “reciprocal” or “crossed” trust doctrine in the instant case respondent relies on Lehman v. Commissioner, 109 F. 2d 99, certiorari denied 310 U. S. 637; Cole’s Estate v. Commissioner, 140 F. 2d 636; Hanauer’s Estate v. Commissioner, 149 F. 2d 857, certiorari denied 326 U. S. 770; and Orvis v. Higgins, 180 F. 2d 537, certiorari denied 340 U. S. 810. He says that the Hanauer and Orvis cases, supra, are controlling. The petitioner recognizes the doctrine of “reciprocal” or “crossed” trusts, but argues that that doctrine as applied in the above cited cases encompasses only a reciprocity of the same beneficial rights and/or powers. It is noted, for instance, that in each of those cases the cross consideration or quid pro quo of the nominal grantors was a primary life estate. Further, where property of unequal value was transferred to the respective crossed trusts (as in the Cole’s Estate and Hanauer cases) they were held to be reciprocal only to the extent of the value of the lesser corpus transferred. The petitioner contends that the “reciprocal” trust doctrine is not applicable to the instant case for the reasons that in fact there was no concert of action and no consideration between decedent and her husband and that there was no reciprocity or equivalence of rights. The trust created by decedent granted to her husband the primary life income estate having an actuarial value of $66,369. Each of the two trusts created by decedent’s husband granted only a contingent life income estate to the decedent if she survived the daughter named as primary beneficiary. The decedent’s contingent interests in both of those trusts had a combined actuarial value of $11,581 on the date the trusts were created and $6,443.85 on the date of her death. Also, apart from the different degree of rights granted to the decedent and her husband, respectively, the substantive terms of the decedent’s trust as to the interests of the named beneficiaries and designated remaindermen varied greatly from those of the husband’s trusts, and, further, neither the decedent nor her husband had any power to alter, amend, terminate, or revoke the trusts. The very nature of the issue involved herein is such as to raise doubts in reaching an ultimate conclusion. However, in addressing ourselves to the question we are not unmindful that the doctrine of “reciprocal” or “crossed” trusts which respondent seeks to apply is not a statutory provision made operative by the specific terms of a trust instrument of the decedent, but instead is a concept of the courts. That concept is based on reason and analysis where the facts and circumstances of a particular case warrant going outside the formal terms of a trust instrument and looking to the reality of the situation, namely, that a person other than the nominal grantor is the actual transferor of property with retained economic interests in or control of the property, thus obtaining the same resultant tax consequences as if such person had done directly what he tried to do by indirection. In our opinion, that doctrine should be applied only when clearly warranted by the particular facts of a case considered in the light of the decided cases. In the instant case we have before us the trust instruments, evidence of the circumstances which motivated the execution thereof, and the testimony of the lawyer who advised both the decedent and her husband. We think the motives of the parties certainly have a bearing on their intentions with respect to unity of purpose, interdependence, and consideration or the lack thereof. On this record we strongly infer and therefore conclude that the decedent acted independently in dictating the substantive terms she desired to impose on her transfer in trust for the primary and immediate benefit of her husband during his lifetime and thereafter for her daughters and grandchildren; that the decedent determined to make the character of transfer she made without regard to any action on the part of her husband; and that the decedent’s transfer in trust was not in consideration of the transfers in trust made by her husband. The only concert of action by them was in the final stages when decedent advised the attorney that she wanted the details of her trust discussed with her husband and the fact that the instruments were executed on the same date. Such limited concert of action does not place the decedent and her husband in proper juxtaposition to have reciprocated on the trusts. Cf. Estate of Samuel S. Lindsay, 2 T. C. 174; and Lueders' Estate v. Commissioner, 164 F. 2d 128, reversing 6 T. C. 587. In reaching the conclusion that the decedent’s trust and her husband’s trusts were not executed in consideration of each other, we are further influenced by the apparent lack of a quid fro quo as evidenced by the trust instruments. In the Lehman, Cole's Estate, Hanauer's Estate, and Orvis cases, supra, the uncrossing of the trusts and the transposition of the respective grantors left each with substantially the same degree of beneficial right in or power of control over the respective properties transferred, limited in value for tax purposes by the value of the lesser corpus transferred. In the instant case the uncrossing of the trusts and the transposition of the decedent and her husband as the grantor of the other’s trusts would place each of them in a position entirely untenable with the giving of a quid pro quo to induce the action of the other and also untenable with the materially different expressed desire or purpose of each as evidenced by their respective trusts. In our opinion, the “reciprocal” or “crossed” trust doctrine is not applicable to the instant case. On this issue the respondent erred. On brief the respondent does not oppose the allowance of the claimed deduction of $2,500 as an administration expense of decedent’s estate under section 812 (b) (2) of the Code. The record establishes the reasonableness of the amount and the necessity for payment thereof as a fee for a special guardian’s services, prior to the final accounting by the executors. The.claimed deduction should be allowed. Estate of Alice K. Larkin, 13 T. C. 173. Reviewed by the Court. Decision will be entered umder Bule 50. Turner and Raum, JJ., concur in the result. SEC. 811. GROSS ESTATE. The value oí the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the united States— (c) Transfers in Contemplation of, or Taking Effect at, Death.— (1) General rule. — To the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate ande full consideration in money or money’s worth), by trust or otherwise— * * * * * * * (B) under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death (i) the possession or enjoyment of, or the right to the income from, the property, or (ii) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom; or