**CHICAGO TITLE & TRUST CO.**
v.
**UNITED STATES.**
No. 10926.

United States Court of Appeals
Seventh Circuit.
Feb. 2, 1954.

Arnold R. Baar, Stanton Schuman, Maynard J. Jaffe, Chicago, Ill., for appellant.

H. Brian Holland, Asst. Atty. Gen., I. Henry Kutz, Sp. Asst. to the Atty. Gen., Irwin N. Cohen, U. S. Atty., Chicago, Ill., for appellee.

Before DUFFY, LINDLEY and SWAIM, Circuit Judges.

LINDLEY, Circuit Judge.

Plaintiffs sued in the District Court to recover alleged over-payments of income taxes in the years 1943 and 1946 by the taxpayer for whose estate they are executors. They contended that the decedent, having experienced substantial losses in the sale of certain real estate owned by him in the years 1944 and 1945, should have been allowed to carry them back to the years 1942 and 1943 and forward to the year 1946, as deductions in computing his income taxes for those years, for the reason, as they asserted, that the losses were net operating losses attributable to the operation of a trade or business regularly carried on within the meaning of Section 122 (d)(5) of the Internal Revenue Code, 26 U.S.C. 1946 ed., Sections 23, 117 and 122. The decision of the District Court, 111 F.Supp. 314, turned upon its finding and conclusion that the losses in question were not attributable to the operation of a business by the taxpayer and, therefore, could not be treated as net operating deductions under Section 122. Accordingly the court entered judgment for defendant from which plaintiffs appeal.

Obviously the only question presented to us is whether the court properly held

that the losses were not attributable to the operation of business regularly carried on by the taxpayer and hence were not deductible under the section, thus throwing the taxpayer's rights into the category covered by those sections of the statute which govern gain or loss upon sales of capital assets.

■ Whether the taxpayer was regularly engaged in a business in which these losses were incurred is essentially a question of fact and, under Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., we can not interfere with the finding thereon unless it is clearly erroneous. However, the facts were stipulated and the ultimate question with us is whether the court correctly interpreted those facts in the light of the governing statutes.

The taxpayer had for many years been an executive officer of a clothing manufacturing business from which he drew an annual salary of some $40,000. For many years from 1921 up to and including 1943 he had invested his savings in real estate in order to realize rental income, with the intention of selling any property he owned if the investment should not prove profitable. His real estate investments grew, until in 1942 he received rentals aggregating $188,000 and in the years from 1943 to 1946, comparable amounts. The properties in which he invested were managed by professional real estate firms under his general supervision and direction. He did not often buy or sell property. Thus during the twenty years from 1927 until the end of 1946 he made only one purchase, with which we are not concerned. During that time he sold three properties: the Cascade building in 1944, and the Wilson Avenue and Roosevelt Road properties in 1945. The first of these had been acquired in 1922 and the latter two in 1924, 1927 and 1937. Apparently all three were sold because their value had begun to depreciate because of deterioration in the communities in which they were located. These sales resulted in the substantial losses which the plaintiff seeks to deduct

from the taxpayer's taxable income in 1943 and 1946. All three properties were rented, resulting in the income we have mentioned. The only other sale made during the twenty years was an apartment house in Miami, Florida, with which we are not concerned. The taxpayer advertised no property for sale. He was not a licensed real estate broker. He merely considered offers submitted to him by such brokers. He had made investments in rental producing properties, but he did not carry on, regularly and continuously, buying and selling real estate as his vocation during any of the period. Between 1909 and 1942 he purchased or participated in the purchase of some twenty-five properties in all but the only purchases and sales in the twenty years are those we have mentioned. He took an active part in purchasing the real estate and employed managers for each of the properties. He was consulted about and participated in the making of leases and the brokers could make no sale or purchase except as he directed. He kept records of account for each of the properties and maintained a special bank account for each of the same.

As a result of these facts, which we have stated somewhat sketchily, plaintiffs insist that the court should have found that the losses sustained on the sales were attributable to the operation of a business which he regularly carried on. As an alternative, they contend that the court should have found that the losses were attributable to the business of renting real estate regularly carried on by the taxpayer. The government asserts and the trial court found that the properties upon which losses were sustained were purchased for investment purposes; that the regular business of the taxpayer was that of a manufacturer of clothing; that his purchases of real estate were made for the purpose of investing his earnings, but that he did not regularly engage in the business of buying and selling real estate or of renting properties but acquired the properties only for the purpose of protecting his

investments. The whole controversy results from a dispute as to whether the losses should have been treated as capital asset losses or whether they constituted deductions for losses incurred in the taxpayer's business.

■■ In various decisions the courts have examined the legislative history of the sections here involved. See Appleby v. United States, Ct.Cl., 116 F.Supp. 410. It would serve no good purpose to reiterate what has been said in the various cases. Suffice it to say that the consensus of opinion of the courts has been that a taxpayer's supervision of his own investments, does not amount to regular trade or business; that regular operation of a business requires such continuity and expenditure of time in the transactions as to indicate a permanent engagement in the business; that where a taxpayer is a passive investor in real estate and the sales and purchases are made by him at irregular periods from time to time and reflect an intent to make investments, in the absence of continuity in sales and purchases, there being only occasional transactions at infrequent intervals, it can not be said that such incidental business is within the meaning and intent of the statute, justifying losses thereon to be deducted as business losses but that they are, rather, capital asset losses. See Guggenheimer v. Commissioner, 2 Cir., 209 F.2d 362; Appleby v. United States, Ct. Cl., 116 F.Supp. 410; Dalton v. Bowers, 2 Cir., 56 F.2d 16, affirmed 287 U.S. 404, 53 S.Ct. 205, 77 L.Ed. 389; Smith v. United States, D.C., 85 F.Supp. 838; Phipps v. Commissioner, 2 Cir., 54 F.2d 469. Thus, in Phipps v. Commissioner, 2 Cir., 54 F.2d 469 at page 471, the court said: "Persons with large incomes of course invest their surplus funds in something, and if, to diversify their holdings, they buy land, with the ex-

pectation of selling it when a good price is offered, such an expectation cannot, in our opinion, convert some sales of land that had been held for seven or eight years into a trade or business in real estate. There should be a greater continuity and larger absorption of time in such transactions to make the taxpayers more than investors."

■ Keeping in mind the reasoning that runs through the cases, upon review of the stipulated facts here, we conclude that the District Court's finding that the taxpayer was not regularly engaged in the business of buying and selling real estate is not clearly erroneous but is only a reasonable interpretation of the undisputed facts. In this respect this case is distinguished from Marsch v. Commissioner, 7 Cir., 110 F.2d 423, wherein the facts were such as to justify a finding that the taxpayer was regularly engaged in the business of real estate dealer.

Nor do we think that the court would have been justified in finding that the taxpayer's losses were attributable to the regular operation of a business of renting real estate, as plaintiffs argue. What we have said applies equally, we think, to any such contention, for the taxpayer was engaged in collecting his rents only incidentally to the protection of his investment in physical assets. He hired others to collect the rents for him and of course reserved the right to object to or accept any tenant, but all this is only incidental to the realization of tangible products from investments of his savings. The District Court was not bound to conclude that he was engaged regularly in the business of renting properties, so as to bring the transactions within the provision of the statute authorizing deductions for losses attributable to a business.

The judgment is affirmed.