Harold O. McLAIN, Executor, etc.,
Plaintiff-Appellee,

v.

John R. JARECKI, Individually, etc.,
Defendant-Appellant.

No. 11527.

United States Court of Appeals
Seventh Circuit.

April 17, 1956.

H. Brian Holland, Asst. Atty. Gen., John J. Kelley, Jr., Atty., Dept. of Justice, Washington, D. C., Robert Tieken, U. S. Atty., Chicago, Ill., Robert N. Anderson, Atty., Dept. of Justice, Washington, D. C., for appellant.

Anderson A. Owen, Chicago, Ill., Harry B. Sutter, Harry D. Orr, Jr., James J. McClure, Jr., Chicago, Ill., for appellee. Hopkins, Sutter, Owen, Mulroy & Wentz, Chicago, Ill., of counsel.

Before FINNEGAN, SWAIM and SCHNACKENBERG, Circuit Judges.

FINNEGAN, Circuit Judge.

As crystallized by the district judge and the parties to this appeal, the question here is whether "reciprocal" or

"crossed" trusts are established by the stipulated facts incorporated in findings of fact reported below as McLain v. Jarecki, D.C.N.D.Ill.1955, 126 F.Supp. 621.

Appealing from a judgment adverse to it, in favor of plaintiff for $56,983.91, the government asks us to distinguish the current case from Newberry's Estate v. Commissioner, 3 Cir., 1953, 201 F.2d 874, 38 A.L.R.2d 514 and apply Lehman v. Commissioner, 2 Cir., 1940, 109 F.2d 99, which the district judge refused to follow. We also decline to do so.

We are not called upon to construe or interpret any provisions contained in the trusts involved here. Consequently it is unnecessary to reproduce these parts of the stipulated facts. In any event the gist of each trust is clearly and cogently stated in the district court's reported opinion, 126 F.Supp. 621, 622, 623 where through stipulated facts that court described the creation of two separate trusts on December 27, 1934; one by Albert O. McLain, the husband, and the other by Minnie A. McLain, his wife; the similar provisions of the two trusts; and the amendment of both trusts on December 18, 1935.

The trust created by the husband, referred to as the Dorothy Trust, provided that the net income of the trust was to be accumulated and added to the principal of the trust until the death of Albert O. McLain, the grantor. After his death the income was to be paid to his wife during her lifetime and after the death of both Albert O. McLain and Minnie A. McLain, the income was to be paid to Dorothy McLain Cole, their daughter, or to her issue. The Dorothy Trust also provided that it could be revoked during the lifetime of the grantor while either Minnie A. McLain or Harold O. McLain, their son, was living, by an instrument in writing signed by Minnie A. McLain, Harold O. McLain and Dorothy McLain Cole, or such of them as were then living, and by all persons affected thereby. As amended in 1935 the Dorothy Trust was modified to permit Harold O. McLain and Minnie A. McLain to terminate the trust during the lifetime of Dorothy McLain

Cole or any of her issue. If so terminated, the trust estate was to be distributed to Dorothy McLain Cole, if living, or if she were not living, then to her issue.

The trust created by Minnie A. McLain, the wife, contained similar conditions providing for the accumulation of the income during her lifetime, thereafter payment of the income to her husband, and finally termination and distribution to their son, Harold O. McLain, or his issue.

■ The doctrine, if it can rightly be called one, of "reciprocal" or "crossed" trusts is a judicial concept [Estate of Louise De Witt Ruxton v. Commissioner, 20 T.C. 487, 494 (1953)] invoked when measuring certain trusts by § 811(c) (1) (B) of the Internal Revenue Code of 1939, 26 U.S.C. § 811 (1952 ed.). Specifically the problem before us is whether federal estate taxes were erroneously assessed and collected upon the corpus of a trust created by the decedent's wife, Minnie McLain, construed, by the government's Collector, as being includible in the decedent husband's gross estate by operation of § 811(c) (1) (B) and (d) (2) of the Code.

Lehman v. Commissioner, 2 Cir., 1940, 109 F.2d 99, was decided upon facts stipulated at the Board of Tax Appeals level. 1939, 39 B.T.A. 17, 19–20. McLain v. Jarecki, D.C.N.D.Ill.1955, 126 F.Supp. 621, 624, contains an adequate analysis of the Lehman facts, to which we would add this line from the Second Circuit's opinion, 109 F.2d 99, 100: "The fact that the trusts were reciprocated or 'crossed' is a trifle, quite lacking in practical or legal significance. * * *" But the clue to Lehman lies in the line: "While section 302(d) [under the 1926 Act] speaks of a decedent having made a transfer of property with enjoyment subject to change by exercise of power to alter, amend or revoke in the decedent, it clearly covers a case where the decedent by paying a *quid pro quo* has caused another to make a transfer of property with enjoyment subject to change by exercise of such power * * *." 109 F.2d 99, 100. The short

of Lehman is that a person becomes the settlor of a trust if he supplies the consideration, in spite of another person's mechanical declaration of the trust. Hence the Lehman court searched for consideration moving from the decedent to his brother, and having found it affirmed the Board's decision holding the trusts includible in decedent's estate.

But among the stipulated facts submitted to us, we find none expressly showing that Albert O. McLain, decedent here, brought about the transfer from his wife, Minnie A. McLain. Because the McLains had substantially identical trusts created concurrently and prepared by their mutual lawyers, the government would have us infer an element of consideration from which to hold that decedent was the actual grantor of the trust in which his wife declared herself to be the grantor. From that argument of course, it would follow that the corpus of the wife's trust would be includible in decedent's gross estate by force of § 811 (c) (1) (B) and (d) (2). Both McLains are deceased. Without any oral testimony taken below the usual matter of witnesses' credibility and demeanor evidence is similarly absent here. To reach the inference, indispensable for the government's position, would mean compounding probabilities on the subjective impression we have of the objective stipulated facts. Unlike interpreting written instruments, the government insists upon locating some subjective understanding between the parties that will equate to *quid pro quo*. But we are, here, relating a situation remote in time and deficient in complete manifestation to § 811. These trusts, and the stipulated facts can also be read as articulating a donative state of mind once extant between the McLains, Newberry's Estate v. Commissioner, 3 Cir., 1953, 201 F.2d 874; Estate of Louise De Witt Ruxton v. Commissioner, 1953, 20 T.C. 487. The district judge's ultimate finding, 126 F. Supp. 621, 625, will stand undisturbed. Chicago Title and Trust Co. v. United States, 7 Cir., 1954, 209 F.2d 773, 775.

The judgment of the district court is affirmed and the cause remanded to that court solely for further appropriate action contemplated by the last paragraph (T.R. 107) of the judgment entered March 3, 1955.

Judgment affirmed and case remanded.

SCHNACKENBERG, Circuit Judge (dissenting).

Defendant relies on Lehman v. Commissioner of Internal Revenue, 2 Cir., 109 F.2d 99, while plaintiff relies on Newberry's Estate v. Commissioner of Internal Revenue, 3 Cir., 201 F.2d 874.

In the Lehman case the existence of consideration was uncontroverted. There, two brothers owned equal shares in stocks and bonds. Harold agreed to transfer his share in trust for Allen and his issue, in consideration of Allen transferring his share in trust for Harold and his issue. The trust instruments were duly executed and each brother thereby granted to the other, in the trust created, the income for the other's life, with remainder to the latter's issue, together with a right in the other to withdraw $150,000 from the principal.

In the Newberry case, where the court, based upon oral testimony, held there was no consideration, Mr. and Mrs. Newberry each executed a trust conveying his or her own property for the benefit of their children. However, neither settlor created any beneficial interest therein for his or her spouse.

In the case at bar there is no parole evidence in the record. We have merely the instruments creating the trusts and amending them. At the time and place when and where Albert executed a trust creating *inter alia* a life estate for the benefit of his wife Minnie, she executed precisely the same form of trust covering precisely the same amount and kind of property, thereby creating *inter alia* a similar life estate for the benefit of Albert. The two trusts together also provided for their children and their families. Here is a beneficial interest contemporaneously bestowed upon the

maker of each trust, by the maker of the other trust. The significance of this circumstance has been overlooked by the majority opinion. It is an undue taxing of our credulity to ask us to believe that this transaction lacked consideration. The only logical inference to be drawn from the stipulated facts is that, when Albert gave to Minnie a life estate in a trust which he then created, and she contemporaneously did the same for him, the act of one was the consideration for the act of the other. In an exchange the property received is consideration for the property given. Cole's Estate v. Commissioner of Internal Revenue, 8 Cir., 140 F.2d 636, at page 637. Both reason and the law place upon him who would rebut this reasonable inference the burden of introducing evidence to that end. The competent attorneys who devised the plan now reviewed before us and their assistants or office associates were certainly in a position to introduce evidence on this subject, the nature of which is exemplified in the Newberry case. However, it is well to point out that even such testimony, to be effective, must counterbalance the fact of the execution of the trust agreements and their contents. In the case at bar, such evidence would have to explain why each of the trusts set up a life estate in the spouse of the maker of the trust. Orvis v. Higgins, 2 Cir., 180 F.2d 537, at page 540.

In the instant case Albert, in consideration of granting to Minnie, in the Dorothy trust which he set up, the possession and enjoyment of and right to the income from his trust estate, during her lifetime, procured from her a similar life estate in the Harold trust, which she set up. Under § 811(c) (1) (B) the Harold trust created by Minnie must be treated as though created by decedent, and thereby § 811(c) (1) (B) operates to bring the corpus of that trust into Albert's gross estate.[1]

We also find that in this case the Harold trust, as modified by an instrument executed by Albert, Harold, and Dorothy under date of December 18, 1935, was subject to termination by Albert and Dorothy, so long as Harold or any of his lawful issue were living. It was held in Commissioner of Internal Revenue v. Estate of Holmes, 326 U.S. 480, at page 487, 66 S.Ct. 257, 260, 90 L.Ed. 228, that a trust settlor's power to terminate will bring a trust corpus within the scope of § 811(d) (2). That case makes clear that where, as here, enjoyment may be substantially affected by exercise of the power, a trust settlor, who may terminate a trust by joint action with another member of the family, has kept "so strong a hold over the actual and immediate enjoyment" of the corpus as to bring it into his gross estate.

Accordingly, I would reverse the district court.

---

[1]. To the same effect is Hanauer's Estate v. Commissioner of Internal Revenue, 2 Cir., 149 F.2d 857, at page 859, which cites § 302(d) of the Internal Revenue act of 1926, as amended in 1934.