Writ of certiorari to review the action of the Court of Claims, 183 Ct. Cl. 745, 393 F. 2d 939 (1968), holding that plaintiffs were entitled to recover taxes paid as a result of a deficiency assessed following the ruling of the Commissioner of Internal Revenue that trusts executed by Joseph P. Grace and his wife, Janet Grace, were “reciprocal” and that the amount of the wife’s trust was includible in decedent husband’s estate. The Court of Claims held that under the facts and circumstances, the taxpayers had rebutted the inference *1172 that tbe Janet Grace trust for tbe benefit of decedent was created in consideration of tbe trust previously established by decedent for tbe benefit of Janet Grace; that tbe two trusts were not created to avoid estate taxes but were merely another step 'in a long-established pattern of family giving; that there was real substance to tbe transactions which were not shams to avoid imposition of estate taxes; and that the Janet Grace trust should not have been included in the estate of decedent under section 811(c) (1) (B) of the Internal Revenue Code of 1939. The Supreme Court granted certiorari on December 9, 1968, 393 U.S. 975, and on June 2, 1969, 395 U.S. 316, in reversing the Court of Claims, held that the doctrine of reciprocal trusts, which was formulated in response to attempts to draft instruments which seemingly avoid the literal terms of section 811(c) (1) (B) while still leaving the decedent the lifetime enjoyment of his property, Lehman v. Commissioner, 109 F. 2d 99 (2d Cir. 1940), cert. denied, 310 U.S. 637, applies in this case and the value of the Janet Grace trust fund must be included in decedent’s estate for federal estate tax purposes.