Estate of **Elizabeth D. HILL,** deceased, **Gerard Swope, Executor, Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 128, Docket 23704.

United States Court of Appeals Second Circuit.

Argued Dec. 9, 1955.

Decided Jan. 20, 1956.

White & Case, New York City, for petitioner. Russell D. Morrill, New York City, Francis L. Casey, Washington, D. C., and John C. Peet, Jr., New York City, of counsel.

H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack and Morton K. Rothschild, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before HAND, SWAN and FRANK, Circuit Judges.

SWAN, Circuit Judge.

This appeal involves a deficiency in estate tax with respect to the estate of Elizabeth D. Hill, who died testate in May, 1948 and whose will was admitted to probate in New York City. The deficiency resulted from including in her estate the date of death value of property transferred by her in trust on or about May 1, 1929. The Commissioner determined that the trust property was includible pursuant to the provisions of section 811(c) of the Internal Revenue Code of 1939, set out in the margin.[1]

1. "§ 811. Gross estate
"The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States—

\* \* \* \* \* \*

"(c) [as amended by Sec. 7(a), Act of October 25, 1949, c. 720, 63 Stat. 891] Transfers in contemplation of, or taking effect, at death
"(1) General rule. To the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in

The Tax Court sustained the Commissioner's ruling (1) as a transfer in contemplation of death under section 811 (c) (1) (A) because the evidence did not show that the primary motive for the transfer was one connected with life (relief from management of the property) rather than one connected with death (avoidance of estate taxes); and (2) as a transfer to take effect at death under section 811(c) (1) (C) because the evidence did not show that the decedent did not reserve a possibility of reverter of a part of the transferred property. Judge Van Fossan, who was the trial judge, dissented, but without opinion, 23 T.C. 588.

The evidence before the Tax Court consisted of a stipulation of facts and the testimony of Mr. Gerard Swope, the brother-in-law of Elizabeth D. Hill. Mary E. Hill, the mother of four daughters, died testate in December, 1928. In April 1929 her estate was distributed pursuant to her will in equal shares to three of her daughters, Elizabeth, whose estate tax is here involved, Henrietta and Sarah, the fourth daughter Mary Hill Swope having renounced all her interest in her mother's estate in favor of her three unmarried sisters. Each of these three, by trust deeds dated May 1, 1929, transferred in trust the securities received under the mother's will. On this date Elizabeth was 62 years of age, Henrietta 60, and Sarah 53; Elizabeth died May 28, 1948, Henrietta died March 16, 1945 and Sarah is still living. The trusts were irrevocable and identical in form except as to the beneficiaries thereunder.

Elizabeth's trust created a life estate for Henrietta. Upon Henrietta's death, if Elizabeth and Sarah were then living, the trust principal was to be divided into two equal funds, one to be held in trust for Elizabeth for life and the other for Sarah for life, and upon the death of either the principal of her share was to be paid over absolutely to the survivor. Upon the survivor's death the principal then held for her was to be distributed among the children of Mary Hill Swope. If only one of the two sisters survived Henrietta, the entire trust principal was to be held for that one for life and upon her death distributed among Mary's children. If neither Elizabeth nor Sarah survived Henrietta, the trustee was to distribute the principal among the children of Mary living at the death of Henrietta.

The trust instrument executed by Henrietta named Sarah as life beneficiary, and the one executed by Sarah named Elizabeth as life beneficiary. In each trust the sisters not named as life beneficiaries were named as secondary life beneficiaries and possible remaindermen.

Each of the three sisters had a small amount of property which they disposed of by wills executed at about the same date as their trusts. The creation of the trusts was not prompted by the condition of health of any of the three sisters.

money or money's worth), by trust or otherwise—

"(A) in contemplation of his death;

\* \* \*

\* \* \* \* \* \*

"(C) intended to take effect in possession or enjoyment at or after his death.

\* \* \* \* \* \*

"(2) Transfers taking effect at death—transfers prior to October 8, 1949. An interest in property of which the decedent made a transfer, on or before October 7, 1949, intended to take effect in possession or enjoyment at or after his death shall not be included in his gross estate under paragraph (1) (C) of this subsection unless the decedent has retained a reversionary interest in the property, arising by the express terms of the instrument of transfer and not by operation of law, and the value of such reversionary interest immediately before the death of the decedent exceeds 5 per centum of the value of such property. For the purposes of this paragraph, the term 'reversionary interest' includes a possibility that property transferred by the decedent (A) may return to him or his estate, or (B) may be subject to a power of disposition by him, but such term does not include a possibility that the income alone from such property may return to him or become subject to a power of disposition by him. \* \* \*". 26 U.S.C. 1952 ed. § 811.

Mr. Swope was their adviser and he testified that the purpose of the trusts was to simplify the management of their affairs both for their convenience and his own. He consulted a lawyer who recommended the wording of the trusts. The three sisters accepted the advice of Mr. Swope and the lawyer in executing their trusts.

Despite the uncontradicted testimony of Mr. Swope, the Tax Court's opinion, written by Judge Murdock, who had not heard him testify, states that "[T]here is a strong inference arising from the evidence that the primary motive behind the creation of the trusts was the avoidance of estate tax; * * *" This inference was apparently based on the practice of the Commissioner, prior to 1930, to include in the gross estate of the settlor of a trust the value thereof if the settlor reserved the right to income for life.[2] Judge Murdock's opinion states:

"It is reasonable to believe, as the Commissioner argues, that the complicated form of these trusts was adopted for the purpose of avoiding estate taxes upon the estates of the three sisters, that is, the purpose was to have no sister give herself a life estate under the trust of which she was the grantor."

In 1930 the Supreme Court in May v. Heiner, 281 U.S. 238, 50 S.Ct. 286, 74 L.Ed. 826 held that the corpus of a trust transfer need not be included in the settlor's estate, even though the settlor had retained for himself a life income from the corpus. Consequently, if the purpose of the sisters was that stated in the above quotation from the Tax Court's opinion, their purpose was not to deprive the government of a tax legally owing but to avoid a non-existent estate tax, erroneously believed by them to exist. It is at least questionable whether such a

purpose would convert the decedent's trust into a transfer made in contemplation of death even after May v. Heiner was overruled, as it was in January 1949 by Commissioner v. Estate of Church, 335 U.S. 632, 637, 69 S.Ct. 322, 93 L.Ed. 288. Since legislation directed to overcoming the effect of May v. Heiner was held in Hassett v. Welch, 303 U.S. 303, 58 S.Ct. 559, 82 L.Ed. 858 not to be applicable retroactively, it may well be that the decision in Commissioner v. Estate of Church would have no retroactive effect to convert decedent's 1929 trust into a transfer in contemplation of death. These complex questions have not been argued and we need express no opinion as to the correctness of the Tax Court's ruling that the trust corpus was includible in the decedent's estate under section 811(c) (1) (A).

■■ The Tax Court held also that the trust corpus was includible under section 811(c) (1) (C) and 811(c) (2) because Elizabeth retained a possibility of reverter in more than 5 per centum of the value of the trust property. If Elizabeth's trust alone be looked at, this is clearly so. The petitioner contends that the doctrine of reciprocal trusts is applicable and that under this doctrine Elizabeth must be considered the real grantor of the trust nominally created by Sarah. Under the doctrine of reciprocal trusts the person who furnishes consideration for the creation of the trust is considered the settlor, although nominally another is the settlor.[3] The petitioner argues that if Elizabeth be substituted for Sarah as the settlor of the trust nominally created by Sarah, Elizabeth retained no possibility of reverter in the property transferred by that trust. In reply the Tax Court says:

"If the trusts were 'reciprocal,' as the petitioner contends, their crea-

2. Section 81.16 of Treasury Regulations 105 provides that the statutory phrase "in contemplation of death" includes a transfer made with the purpose of avoiding the estate tax.

3. Lehman v. Commissioner, 2 Cir., 109 F.2d 99, 100, certiorari denied 310 U.S.

637, 60 S.Ct. 1080, 84 L.Ed. 1406; Hanauer's Estate v. Commissioner, 2 Cir., 149 F.2d 857, 858, certiorari denied 326 U.S. 770, 66 S.Ct. 175, 90 L.Ed. 465; Newberry's Estate v. Commissioner, 3 Cir., 201 F.2d 874, 876–877, 38 A.L.R.2d 514.

tion was an integral plan, of which each trust and each act of each sister was an inseparable part, and each sister, including Elizabeth, the decedent herein, by becoming a party to that indivisible plan, arranged to retain a possibility of reverter either in the property she then owned and placed in trust or in property which her sisters then placed in trust, in which property she thereby acquired an interest for a valuable consideration."

We regard this reply as sound; in other words, if Elizabeth is to be considered as the settlor of Sarah's trust she is likewise to be considered the settlor of Henrietta's trust, since the making of her own trust was the consideration she gave for the creation of the other two trusts. Under Henrietta's trust, if she be considered the settlor thereof, as she should be if the reciprocal trust doctrine were applied, she did retain a possibility of reverter. Accordingly, the Tax Court was right in sustaining the estate tax under section 811(c) (1) (C) and (c) (2). The decision is affirmed.