**ESTATE OF Florence B. MORENO, Deceased, Harriet Moreno Bischoff and St. Louis Union Trust Company, Executors, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 15949.**

United States Court of Appeals Eighth Circuit.

Oct. 24, 1958.

Rehearing Denied Nov. 17, 1958.

William W. Crowdus and Edward E. Murphy, Jr., St. Louis, Mo., for petitioners.

Carolyn R. Just, Atty., Dept. of Justice, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., and Lee A. Jackson, Melva M. Graney, and Louise Foster, Attys., Dept. of Justice, Washington, D. C., were on the brief), for respondent.

Before SANBORN, WOODROUGH and VOGEL, Circuit Judges.

WOODROUGH, Circuit Judge.

This is a petition to review the decision of the Tax Court which upheld a deficiency assessment of estate tax against taxpayers, executors of the estate of Florence B. Moreno, who died on May 3, 1952. The opinion of the Tax Court is reported at 28 T.C. 889.

The Tax Court found as a fact that on December 29, 1939, Florence B. Moreno executed an irrevocable trust to which she transferred $125,000 face value paid up insurance on her life. The trust provided that if she died before her husband, Theodore Moreno, he would receive the income from the trust for his life,

with remainder to their children, grand-children and other heirs. It further allowed the trustees to invade the corpus of the trust to provide for her husband's reasonable care and comfort, or because of his illness or infirmity, or by reason of any other emergency affecting him.

On the same day the husband executed an amendment to an existing revocable trust which he had earlier created. By this amendment he revoked all of the working sections of the original trust, including all direction as to who should receive its benefits, and substituted new irrevocable provisions which were substantially identical with his wife's trust indenture. Thus, it was provided that his wife would receive the net income from the trust, if she survived him, for the remainder of her life, with the remainder over to their children, grand-children and other heirs, and it was also provided that his wife would have the right to invade the corpus for her reasonable care and comfort, or because of her illness or infirmity, or by reason of any other emergency affecting her. The corpus of Mr. Moreno's trust was also $125,000 fully paid up insurance (on his life).

In both trusts there was a clause to the effect that before assigning the policies to the trustees the grantors had directed the insurance companies to use and apply all dividends toward the purchase of paid up additional insurance and the trustees would have no right to exercise the loan and surrender provisions of the policies.

The two trust instruments were drawn by the same attorney and George M. Pyle, Assistant Vice President of the St. Louis Trust Company, assisted both grantors in setting up the two trusts. Mr. and Mrs. Moreno examined both trusts before they were executed and the trust officer and the insurance agent, who sold them the insurance policies, advised the settlors of the trusts of the savings in taxes and expenses that would result by reason of their divesting themselves of portions of their property by irrevocable trusts. The spouses filed gift tax returns in connection with the trusts and paid the gift tax due on such returns. The probate inventories of the estate of the couple show an appraisal value for each of a little less than $1,000,000.

The Commissioner determined that the two trusts were reciprocal in nature, that each was in consideration of the other and that the corpus of the husband's trust should be included in the gross estate of the decedent wife.

The Tax Court declared: "The question of whether the doctrine of the Lehman case [1] will be applied—whether the trusts are crossed or reciprocal trusts—is one of fact. It is simply a question of whether one trust was made in consideration of the other."

The Tax Court found specifically as follows:

"We have made a finding of fact in this case that the trust created by decedent [Florence B. Moreno] served as consideration for the trust she caused her husband, Theodore, to make—in short, that each created his or her respective trust in consideration of the other. That seems to us almost an irresistible conclusion from all of the undisputed facts and circumstances. The two irrevocable insurance trusts are substantially identical in terms except that Florence's indenture gives Theodore a life income in the trust property after her death with the right to invade the corpus to provide for his reasonable care and comfort, or because of his illness or infirmity, or by reason of any other emergency affecting him, and Theodore's trust does the same for Florence. The corpora of the two trusts are the same amount, or $125,000 paid up insurance. They were executed simultaneously after participation by both contemporaneously in the negotiations with the trust officer and the attorney who set up the trusts

1. Lehman v. Commissioner, 39 B.T.A. 17, affirmed 2 Cir., 109 F.2d 99.

and drew the trust instruments. In the light of all this evidence we could not make a finding that each made his or her trust independently."

Being convinced, as a proven fact, that the wife had created her trust for the husband in this case in consideration that he, at the same time, created a practically identical trust for her, the Tax Court held that each grantor in substance and effect created a trust for himself. With that conclusion in view, the court said:

"* * * The question is whether, under the separate trust indentures, each received some beneficial interest in the trust estate of the other, which, after switching grantors, would render the transferred property includible as a part of his or her gross estate for Federal Estate Tax purposes. When these trusts are uncrossed the settlors would have a contingent life estate in the property considered as transferred in trust by the settlor and the trustees would have the right to invade the corpus. The rights would then be contingent upon the settlor surviving the other spouse. When so considered the transferred property would be includible in the deceased's gross estate under the provisions of Section 811(c) (1) (B) I.R.C. of 1939. Marks v. Higgins [2 Cir.], 213 F.2d 884. Estate of Guenzel [1957], 28 T.C. 59, and cases therein cited. And this would be true even though Florence predeceased Theodore and received no interest from the property. Marks v. Higgins, supra."

The cited decision in the Guenzel case was reviewed and affirmed by this Court, Estate of Guenzel v. Commissioner of Internal Revenue, 8 Cir., 1958, 258 F.2d 248, 251. We said there:

"* * * it is perfectly clear that under the trust Carl J. Guenzel created he reserved the income from the trusts for himself for life in the event he survived his wife, the primary beneficiary. The reservation of such life income from the trust made the value of the property transferred to the trust includible in decedent's gross estate by virtue of the provisions of section 811(c) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 811(c), which provides that there shall be included in the gross estate of a decedent property of which the decedent 'has at any time made a transfer * * * by trust or otherwise—(B) under which he has retained for his life * * * (i) the possession of enjoyment of, or the right to income from, the property * * *.'

"The trusts here involved were created in 1936. In 1935, the Supreme Court, by five-four decisions, in Helvering v. St. Louis Union Trust Co., 296 U.S. 39, 56 S.Ct. 74, 80 L.Ed. 29, and Becker v. St. Louis Union Trust Co., 296 U.S. 48, 56 S. Ct. 78, 80 L.Ed. 35, held that a trust, such as here involved, reserving a contingent life estate in the grantor, was not taxable as a transfer intended to take effect in possession or enjoyment after the creator's death. Thus, under the law as interpreted at the time the Guenzel trusts were created, the value of the trust was not includible in the gross estate of either creator. However, in Helvering v. Hallock, 309 U.S. 106, 60 S. Ct. 444, 84 L.Ed. 604, decided in 1940, the St. Louis Union Trust Co. cases were overruled. The Court held that the reservation of a contingent or secondary life estate makes the value of the transferred property taxable to the estate of the grantor as a transfer intended to take effect at the time of the death of both Mr. and Mrs. Guenzel, and such rule has been consistently followed. Commissioner of Internal Revenue v. Estate of Church, 335 U. S. 632, 69 S.Ct. 322, 337, 93 L.Ed. 288; Marks v. Higgins, 2 Cir., 213 F.2d 884; Commissioner of Internal

Revenue v. Nathan's Estate, 7 Cir., 159 F.2d 546.

"In Estate of Church, supra, 335 U.S., at pages 645–646, 69 S.Ct. at page 329, the Court states:

"'* * * Hallock thereby returned to the interpretation of the "possession or enjoyment" section under which an estate tax cannot be avoided by any trust transfer except by a bona fide transfer in which the settlor, absolutely, unequivocally, irrevocably, and without possible reservation, parts with all of his title and all of his possession and all of his enjoyment of the transferred property. After such a transfer has been made, the settlor must be left with no present legal title in the property, * * * then or thereafter. In other words such a transfer must be immediate and out and out, and must be unaffected by whether the grantor lives or dies. * * *'

"In our present case, under the authorities just cited, the value of Carl J. Guenzel Trust on the date of Carl J. Guenzel's death constitutes a part of his gross estate."

■ It is contended for petitioners here that the evidence established that each of the trusts was independent of the other and that the court was clearly wrong in its finding. The Commissioner's determination is presumptively correct and the opinion of the Tax Court takes all the relevant circumstances into consideration. There was manifestly an exchange in this case by each spouse for an interest in a $125,000 asset, which belonged to one of them, for an interest in another $125,000 asset which belonged to the other. It is equally evident that the interest that each obtained by the creation of the trusts was valuable. We said in Cole's Estate v. Commissioner, 8 Cir., 140 F.2d 636, 637, 151 A.L.R. 1139: "It requires no citation of authority for the proposition that in an exchange the property received is consideration for the property given." The facts in this case illustrate that declaration. Among other benefits, Theodore's trust protected Florence against "emergency" to the full amount of $125,000 and her trust likewise protected him from "emergency" to an equal amount. We do not hold that the Tax Court was obliged to find the use Florence made of her property to protect her husband co-incident with his use of the same amount of his property to protect her were not in consideration of each other.

■ The petitioners assert argumentatively that the estate tax has been assessed in this case against the estate of their decedent in respect of "property which she never owned, never transferred and from which she never benefited." But that appearance results from the exchange she made with her husband when she created a $125,000 trust for him and their children with her money, and he created one in the same amount for her and their children with his money. The fortune these parents intended to pass on to their natural heirs when they died did accrue to those heirs according to that intent as effectually as though it had devolved upon the heirs in accordance with wills. There is neither hardship nor injustice in assessing the estate tax in this case. It was plainly one in which the wife created a trust for the husband in consideration that the husband created a similar trust for her. Each in substance created a trust for himself and when so considered, each reserved sufficient interest to bring him within the estate tax statute. The following cases support the decision of the Tax Court: Cole's Estate v. Commissioner, 8 Cir., 140 F.2d 636, 151 A.L.R. 1139; Lehman v. Commissioner, 2 Cir., 109 F.2d 99, certiorari denied 310 U.S. 637, 60 S.Ct. 1080, 84 L.Ed. 1406; Orvis v. Higgins, 2 Cir., 180 F.2d 537; Hanauer's Estate v. Commissioner, 2 Cir., 149 F.2d 857, certiorari denied, 326 U.S. 770, 66 S.Ct. 175, 90 L.Ed. 465; Estate of Oliver v. Commissioner, 3 Cir., 148 F.2d 210; Estate of Newberry v. Commissioner, 3 Cir., 172 F.2d 220; Hill's Estate v. Commissioner, 2 Cir., 229 F.2d 237; Na-

tional Bank of Commerce of Portland v. Clauson, D.C.Maine, 127 F.Supp. 386, 391; Blackman v. United States, 48 F. Supp. 362, 368, 98 Ct.Cl. 413.

Affirmed.