Hilda Furst, et al. [1] v. Commissioner. Furst v. Commissioner
Docket Nos. 81230-81235.
United States Tax Court
T.C. Memo 1962-221; 1962 Tax Ct. Memo LEXIS 88; 21 T.C.M. (CCH) 1169; T.C.M. (RIA) 62221; September 18, 1962
*88 The donors, petitioners, in these consolidated dockets made gifts of stock to members of their immediate families and transfers of identical stock, in identical amounts, to members of each other's immediate family. The end result was the members of each donor's immediate family received the exact number of shares such donor transferred. Held, such cross-transfers were without substance and in reality each donor gave to the members of his or her immediate family all of the stock he or she transferred and the number of exclusions would be ruled by the number of recipients in his or her immediate family. Vincent B. Lewin, Esq., for the petitioners. Ernest Honecker, Esq., and Philip Shurman, Esq., for the respondent. MULRONEY Memorandum Findings of Fact and Opinion MULRONEY, Judge: The respondent in these consolidated cases determined deficiencies in petitioners' gift taxes with respect to gifts they made in 1955, as follows: Docket
Number
Petitioner
Deficiency
81230
Hilda Furst
$3,174.61
81231
Sol Furst
3,814.45
81232
Sadie Cohn
3,891.80
81233
Sol Cohn
3,891.80
81234
Dora Cohn
976.99
81235
Estate of Max B. Cohn, etc.
1,591.17 The issue is as to the number of exclusions each donor petitioner is entitled *89 to upon the March 1955 transfers of stock to their children and others. Findings of Fact Some of the facts are stipulated and they are found accordingly. Max Cohn, who died in 1958, was a brother of Sol Cohn and Sol Furst was their cousin. They all owned shares of stock in C.W.C. Liquidating Corporation, formerly Circle Wire & Cable Corp. (hereinafter called the corporation), valued in March of 1955 at $5,843.75 for each 250 shares. Milton Cohn, Maurice Cohn and Jeanette Roth are the children of Max and Dora Cohn. Bernard Cohn and Seymour Cohn, are the sons of Sol and Sadie Cohn, and Harold S. Cohn is their grandson. Melvin Furst and Gerald Furst are sons of Sol and Hilda Furst and Frances and Violet Furst are their daughters-in-law and Beth, Wendy, Bruce, Robert and Ronald are grandchildren of Sol and Hilda Furst. The gift tax returns of Sol and Saide Cohn, and of Max and Dora Cohn, and of Sol and Hilda Furst, report gifts on March 3 or 4, 1955, made to persons who were members of donors' family groups, and also to persons who were members of the other family groups, with each husband and wife donor making slightly less than a $6,000 gift to any individual donee. [2] *90 The gift tax returns of Max B. and Dora Cohn report gifts to third persons on March 4, 1955 of stock in the corporation, as follows: Value
No. of
at Date
Donee
Date
Shares
of Gift
1 Melvin J. Furst *
3/4/55
250
$5,843.75
2 Frances Furst *
3/4/55
250
5,843.75
3 Gerald Furst *
3/4/55
250
5,843.75
4 Milton S. Cohn ***
3/4/55
250
5,843.75
5 Maurice Cohn ***
3/4/55
250
5,843.75
6 Bernard Cohn **
3/4/55
250
5,843.75
7 Harold S. Cohn **
3/4/55
250
5,843.75
8 Seymour Cohn **
3/4/55
250
5,843.75
9 Jeanette Roth ***
3/4/55
250
5,843.75
Total
2,250
$52,593.75
The gift tax returns of Sol and Sadie Cohn report gifts to third persons on March 4, 1955 of stock in the corporation, as follows: Value
No. of
at Date
Donee
Date
Shares
of Gift
1 Violet Furst *
3/4/55
250
$5,843.75
2 Hilda Furst *
3/4/55
250
5,843.75
3 Ronald Furst *
3/4/55
250
5,843.75
4 Milton S. Cohn **
3/4/55
250
5,843.75
5 Jeanette Roth **
3/4/55
250
5,843.75
6 Maurice Cohn **
3/4/55
250
5,843.75
7 Bernard Cohn ***
3/4/55
250
5,843.75
8 Seymour Cohn ***
3/4/55
250
5,843.75
9 Harold S. Cohn ***
3/4/55
250
5,843.75
Total
2,250
$52,593.75
*91 The gift tax returns of Sol and Hilda Furst report gifts to third persons on March 3, 1955 [3] of stock in the corporation, as follows: Value
No. of
at Date
Donee
Date
Shares
of Gift
1 Melvin J. Furst *
3/3/55
250
$5,843.75
2 Frances Furst *
3/3/55
250
5,843.75
3 Gerald Furst *
3/3/55
250
5,843.75
4 Violet Furst *
3/3/55
250
5,843.75
5 Milton S. Cohen
[Cohn] **
3/3/55
250
5,843.75
6 Mrs. Jeanette
Roth **
3/3/55
250
5,843.75
7 Maurice Cohn **
3/3/55
250
5,843.75
8 Bernard Cohn ***
3/3/55
250
5,843.75
9 Harold Steven
Cohn ***
3/3/55
250
5,843.75
10 Seymour Cohn ***
3/3/55
250
5,843.75
Total
2,500
$58,437.50 As will be seen from the foregoing, each set of married donors transferred three blocks of 250 shares (each block worth $5,843.75) to individuals in each *92 of the other two family groups. This means each family group received the same number of shares (1,500) from such transfers to individuals outside the donor's family group. The aggregate number of shares transferred on March 3 or 4, 1955 transferred by donors and number and value of shares received by their family groups are as follows: Total Shares Re-
Total Shares
ceived by Member
Transferors
Transferred
Value
of Each Family
Value
Sol and Sadie Cohn
2,250
$52,593.75
Bernard Cohn
750
$17,531.25
Seymour Cohn
750
17,531.25
Harold S. Cohn
750
17,531.25
2,250
$52,593.75
Max B. (deceased) and
Dora Cohn
2,250
$52,593.75
Milton S. Cohn
750
$17,531.25
Maurice Cohn
750
17,531.25
Jeanette Roth
750
17,531.25
2,250
$52,593.75
Sol and Hilda Furst
2,750
$64,281.25
Melvin J. Furst
500
$11,687.50
Frances Furst
500
11,687.50
Gerald Furst
500
11,687.50
Violet Furst
500
11,687.50
Hilda Furst
500
11,687.50
Ronald Furst
250
5,843.75
2,750
$64,281.25 We have included 250 shares transferred by Sol Furst to his wife Hilda on March 4, 1955 in the above table as it makes a difference in respondent's computation of deficiency in the Furst dockets. Each gift tax return reported exclusions in excess of gifts and reported no tax due. Respondent's notice of deficiency *93 disallowed claimed exclusions for transfers to individuals outside the donor's family group. Illustrative of respondent's computation of deficiency and respondent's basis therefor, in the four Cohn returns is the following taken from the Sol Cohn (Docket No. 81233) notice of deficiency: As shown on
return
As corrected
Total gifts of do-
nor
$52,593.75
$52,593.75
Less: Reported by
spouse
26,296.87
26,296.87
Balance
$26,296.88
$26,296.88
It is held that certain purported gifts of 250 shares of the common stock of C.W.C. Liquidating Corp., valued at $23,375 per share, made by you in 1955 to each of your nephews Milton S. and Maurice Cohn, and your niece, Jeanette Roth, the direct descendants of your brother, Max B. Cohn, now deceased, and to each of your cousins Hilda, Violet and Ronald Furst, the wife, daughter-in-law and grandchild of your cousin, Sol Furst, were not gifts to such donees in substance and effect but, instead, constituted gifts of 500 shares of the said stock to each of your children, Bernard Cohn and Seymour Cohn, and to your grandchild, Harold S. Cohn, by reason of reciprocal cross-gifts made by Max B. Cohn and Sol Furst for the benefit of your sons and grandson. Accordingly, the *94 gift tax exclusions claimed by you on your gift tax return for the year 1955 should be reduced by $17,296.88 computed as follows: Amount
claimed
$26,296.88 (9 X $2,921.87)
Amount
allowed
9,000.00 (3 X $3,000.00)
Amount
disallowed
$17,296.88
Respondent's determinations of deficiencies in the two Furst dockets were on the same basis of disallowing exclusions for transfers outside the Furst family group and treating such transfers as constituting gifts to the individuals in the Furst family group that received March 4 gifts. The difference is that in the Furst dockets there were five in the Furst family group that were recipients of March 1955 transfers, while in the Cohn cases there were three in each Cohn family that were recipients of March 1955 transfers. The gift tax returns of all of the donors for prior years show that during the years 1951, 1952 and 1953 Sol and Hilda Furst, Sol and Sadie Cohn and Max and Dora Cohn, respectively, transferred on the same day, or a day apart, the same number of shares of the corporation to members of the immediate family of the others, as the members of the immediate family of Sol and Hilda Furst, Sol and Sadie Cohn and Max and Dora Cohn received from the *95 others. They also show that on March 8, 1954 Sol and Sadie Cohn and Max B. and Dora Cohn, respectively, transferred the same number of shares of stock in the corporation to members of the immediate family of the other as the members of the immediate family of Sol and Sadie Cohn and Max and Dora Cohn, respectively, received from the others. Opinion Section 2501, Internal Revenue Code of 1954, imposes as tax "on the transfer of property by gift" and section 2511 provides "the tax imposed by section 2501 shall apply * * * whether the gift is direct or indirect * * *." Section 2503 excludes from the definition of "taxable gifts" the first $3,000 made to any person during the calendar year 1955 and subsequent calendar years. Section 2513 provides "[a] gift made by one spouse to any person other than his spouse shall * * * [if both spouses consent] be considered as made one-half by him and one-half by his spouse * * *." Respondent's position, in his notices of deficiencies and on brief, is that the gifts donors made in March of 1955 to members of their immediate families, and cross transfers to others, amounted to gifts of all stock transferred by each to members of their immediate families, *96 and therefore each is entitled to only one exclusion ($3,000) for each such member to whom they made gifts. Respondent is right. Such simultaneous, circuitous transfers of identical property (stock) constituted gifts by the transferors to members of their own families, of all of the stock they transferred. It is of no significance under the gift tax statute that each petitioner accomplished the gifts of stock to members of his or her immediate family by a simultaneous round-about series of cross-transfers. The taxing statute looks at the realities. Such devious reciprocal transfers as are here present are singularly unavailing to manufacture exclusions under a taxing statute that reaches gifts "direct or indirect." Petitioners argue there was no prior agreement and Sol Furst and Sol Cohn so testified. But they were very evasive in their testimony. All they would admit was that there was, or might have been, some talk between the transferors before the transfers were made. The realities of the transfers control. The conclusion is irresistible that each petitioner was the real donor of the stock which the members of his or her immediate family ultimately received and the number of exclusions *97 is ruled by the number of recipients in each petitioner's family. While we do not find any cases involving cross-gifts, there is ample authority for the conclusion here reached in the reasoning and conclusion reached in the reciprocal or cross-trusts cases. See Allan S. Lehman et al., Executors, 39 B.T.A. 17, affd.; 109 F. 2d 99; Estate of Florence B. /oreno, 28 T.C. 889, affd. 260 F. 2d 389. The doctrine of the cited cases is that where two settlors simultaneously create trusts with the same provisions and of identical property, for the benefit of the other, each will be considered the settlor of the trust that is in form created by the other. In affirming our opinion in the Lehman case, the Court of Appeals (2nd Cir., 109 F. 2d 99, p. 199) said: The fact that the trusts were reciprocated or "crossed" is a trifle, quite lacking in practical or legal significance. * * * The law searches out the reality and is not concerned with the form. * * * So, too, in the present case, the fact that transferors accomplished the gifts to the members of their immediate families by routing portions through a circle of crosstransfers is immaterial. As pointed out in our findings of fact, the *98 same pattern of cross-transfers was observed in all of the gift tax returns of all donors for prior years. The same reasoning that supports the conclusion reached as to the 1955 transfers supports the conclusion that all of the gifts of stock in the corporation made by each of the petitioners during the calendar years 1951 to 1955, inclusive, were for tax purposes, to members of their respective immediate families. It is necessary to find the aggregate sum of the taxable gifts in prior years in order to determine the rate of tax to be applied for taxable gifts made in 1955. Section 2502(a), Internal Revenue Code of 1954. This means "the correct aggregate of such gifts, not necessarily that returned for those years * * *." § 25.2504-1, Estate and Gift Tax Regs. It means the transfers that are taxable gifts under the law are those that result after tearing aside the veil of crosstransfers and viewing the gifts as if each set of married donors transferred direct to the members of their immediate families. We hold for respondent. Decisions will be entered in all dockets under Rule 50. Footnotes
1. The following proceedings are consolidated herewith: SOL FURST, Docket No. 81231; SADIE COHN, Docket No. 81232; SOL COHN, Docket No. 81233; DORA COHN, Docket No. 81234; and ESTATE OF MAX B. COHN, by MAURICE COHN, Executor, Docket No. 81235.↩
2. By the operation of sections 2503 and 2513, Internal Revenue Code of 1954↩, the first $6,000 of gifts by husband and wife to third persons are excluded.
*. Member of Sol and Hilda Furst family group. ↩
***. Member of donors' (Max B. and Dora Cohn's) family group.↩
**. Member of Sol and Sadie Cohn family group. ↩
*. Member of Sol and Hilda Furst family group. ↩
**. Member of Max and Dora Cohn family group. ↩
***. Member of donors' (Sol and Sadie Cohn's) family group.↩
3. These returns reported a gift to Hilda of 250 shares and also reported gifts of stock in the corporation in December of 1955 to other members of donor's family group which are not listed. a1 Member of donors' (Sol and Hilda Furst's) family group. a2 Member of Max and Dora Cohn's family group. a3 Member of Sol and Sadie Cohn's family group.↩