**ESTATE OF Jack GREEN, John F. Conway, Executor, Plaintiff–Appellee,**

v.

**UNITED STATES of America, Defendant–Appellant.**

No. 93–3827.

United States Court of Appeals, Sixth Circuit.

Argued June 23, 1994.

Decided Oct. 31, 1995.

Howard J. Freedman (briefed), and Louis B. Geneva (argued), Goodman, Weiss & Freedman, Cleveland, OH, for Plaintiff–Appellee.

Annette G. Butler, Asst. U.S. Attorney, Cleveland, OH, Jonathan S. Cohen (argued), Edward T. Perelmuter, Sara K. Knutson, and Gary R. Allen, Acting Chief (briefed), U.S. Department of Justice, Appellate Section, Tax Division, Washington, DC, for Defendant–Appellant.

Before: JONES, KRUPANSKY, and RYAN, Circuit Judges.

KRUPANSKY, J., delivered the opinion of the court, in which RYAN, J., joined. JONES, J. (pp. 154–55), delivered a separate dissenting opinion.

KRUPANSKY, Circuit Judge.

Plaintiff-Appellee, the Estate of Jack Green, challenged the ruling of the Internal Revenue Service ("IRS") that the reciprocal trust doctrine required that the property transferred in a trust created by Jack Green for the benefit of his granddaughter be included in his gross estate. The district court concluded that the reciprocal trust doctrine did not apply, and the IRS appealed.

Jack Green and his wife, Norma Green, had two grandchildren, Jennifer Lee Goodman and Greer Elizabeth Goodman. Jennifer and Greer were sisters, and the couple's only grandchildren. On December 20, 1966, Jack and Norma Green executed two trust agreements for the benefit of their grandchildren. As settlor of the "Jennifer" trust, Jack Green designated his wife Norma trustee and Jennifer as its beneficiary. Norma Green, the settlor of the "Greer" trust, named her husband as the trustee and Greer as its beneficiary.

The trusts were substantially identical. The authority vested in each trustee was the same: the trustees could not alter, amend, revoke or terminate their respective trusts. The only retained authority by each trustee was the discretion to reinvest and time the distribution of trust corpus and income until each respective beneficiary reached her 21st birthday. Under the terms and conditions of the trusts, neither Jack or Norma Green, directly or indirectly, retained or reserved any economic benefit from the assets or income of the trusts.

█ The government posits that the limited discretionary power to reinvest and time the distribution of trust corpus and income to third party beneficiaries invoked the reciprocal trust doctrine to uncross the trusts and subject the trusts to taxation pursuant to 26 U.S.C. §§ 2036(a)(2) and 2038(a)(1). The estate has countered the application of the reciprocal trust doctrine by citing to the Supreme Court decision in *United States v. Grace,* 395 U.S. 316, 89 S.Ct. 1730, 23

L.Ed.2d 332 (1969), wherein the Court, in a simple one-sentence statement defined, to the exclusion of all other standards, the criteria to be considered in applying the doctrine:

> Rather, we hold that application of the reciprocal trust doctrine requires *only* that the trusts be interrelated, and that the arrangement, *to the extent of mutual value*, leaves the settlors in *approximately the same economic position* as they *would have been in had they created trusts naming themselves as life beneficiaries*.

*Id.* at 324, 89 S.Ct. at 1735 (emphasis added).

In the instant case, the government seeks to rewrite *Grace* by a strained and attenuated interpretation of language that needs no interpretation. It argues as it has since the Tax Court's 1977 decision in *Bischoff v. Commissioner of Internal Revenue*, 69 T.C. 32, 1977 WL 3667 (1977), a decision rejected by every circuit which has considered the application of the reciprocal trust doctrine, that interrelated trusts are taxable by virtue of the doctrine pursuant to 26 U.S.C. § 2036(a)(2) and § 2038(a)(1). The government asserts that the only condition precedent required to apply the doctrine and uncross the trusts is a finding of retained settlor/trustee fiduciary powers even if the retained fiduciary powers are not coupled with retained settlor/trustee economic benefits which leave "the settlors in approximately the same economic position as they would have been in had they created trusts naming themselves as life beneficiaries." The Supreme Court in *Grace* explained that "[f]or purposes of the estate tax, we think that *economic value is the only workable criterion.*" *Grace*, 395 U.S. at 325, 89 S.Ct. at 1735 (emphasis added). *See also Lehman v. Commissioner*, 109 F.2d 99 (2nd Cir.1940), the progenitor of the reciprocal trust doctrine; *Krause v. Commissioner of Internal Revenue*, 57 T.C. 890, 1972 WL 2473 (1972), aff'd. 497 F.2d 1109 (6th Cir.1974); *Exchange Bank & Trust Company v. United States*, 694 F.2d 1261 (Fed.Cir.1982), wherein, without exception, retained settlor/trustee discretionary, fiduciary power was coupled with retained settlor/trustee retained economic benefit.[1]

■ Without considering the district court's findings that the trusts here in issue were not interrelated,[2] this court concludes

---

**1.** In citing to *Lehman; Hill's Estate; Warner; Krause; Exchange Bank, Moreno's Estate,* and *Glaser,* the dissent neglects to distinguish those cases from the instant controversy by disclosing that, without exception, each case involved a retained identifiable position that left the settlors/trustees in the same economic position they would have been in had they created trusts naming themselves as life beneficiaries. In *Lehman,* which preceded *Grace,* each brother retained present economic enjoyment of the property for his lifetime. In *Hill's Estate,* which predated *Grace,* the retained economic benefits were also life estates. Likewise, in *Krause,* the grandmother and grandfather retained a discretionary right to receive trust income themselves during their lifetime. In *Exchange Bank,* the transferors retained a *present economic power to satisfy their own present legal obligations.* In *Moreno's Estate,* which predated *Grace,* the economic interests retained were contingent life estates, the fruits of which one spouse would enjoy if the spouse survived the other spouse. In *Glaser,* which also predated *Grace* and which did not involve reciprocal trusts directly, the decedent and his wife merely exchanged one piece of property for another of equivalent value, thus remaining in a similar economic position. The sole case cited by the government which supports application of the reciprocal trust doctrine without an economic benefit, *Bischoff,* itself indicates that virtually every pre-*Grace* case and every post-*Grace* case in which reciprocal arrangements were challenged involved retention of "very substantial economic benefits." *Bischoff,* 69 T.C. at 45.

**2.** The dissent totally misconstrues and reflects a misunderstanding of the concept and elements of the reciprocal trust doctrine generally and its limited application as dictated by the Supreme Court in *Grace.* Consequently, it misconstrues completely the thrust and reasoning of the Supreme Court in *Grace* as adopted, virtually verbatim, by the majority opinion.

Assuming, arguendo, that contrary to the district court's conclusion, the trusts in the instant case were interrelated as urged by the dissent, the reciprocal trust doctrine would nevertheless be inapplicable for the simple reason that the settlor's/trustee's retained fiduciary powers to reinvest income and time distribution of trust income and corpus until the beneficiaries reached 21 years of age did not rise to the level of a retained economic benefit that satisfies the *core* mandate of *Grace,* "that the arrangement, to the *extent of mutual value,* leaves *the settlors in approximately the same economic position as they would have been in had they created trusts naming themselves as life beneficiaries."* *Grace,* 395 U.S. at 324, 89 S.Ct. at 1735 (emphasis added).

that the settlor/trustee retained fiduciary powers to reinvest income and time distribution of trust income and corpus until the beneficiaries reach 21 years of age do not constitute a retained economic benefit that satisfies the *core* mandate of *Grace* "that the arrangement, to the *extent of mutual value,* leaves the settlors in *approximately the same economic position as they would have been in had they created trusts naming themselves as life beneficiaries." Grace,* 395 U.S. at 324, 89 S.Ct. at 1735 (emphasis added).[3]

For the foregoing reasons, the decision of the district court is **AFFIRMED**.

NATHANIEL R. JONES, Circuit Judge, dissenting.

Because I believe that trusts in this case satisfy the requirements set forth by the Supreme Court in *United States v. Estate of Grace,* 395 U.S. 316, 89 S.Ct. 1730, 23 L.Ed.2d 332 (1969), I dissent.

### I.

First, I conclude that the trusts created by Jack and Norma Green were interrelated. The district court held that the trusts in this case were not substantially similar because each trust named a different granddaughter as beneficiary. Each of the grandparent trustees could act only to benefit one of the granddaughter beneficiaries. The district court held that this differentiation in the trustees' powers prevented the trusts from

---

Apart from a conclusory statement, the dissent fails to articulate any factual support or explanation for its generalization that the settlors/trustees were in the same economic position they would have been in had they created trusts naming themselves as life beneficiaries.

Having resolved this case in controversy by adopting the core dictates of the Supreme Court in *Grace,* this Court need not address the correctness of the district court's finding that the trusts here in issue were not "interrelated". A court of appeals may affirm the decision of a lower court on any basis supported by the record, even if the appellate court's reasoning differs from the lower court's reasoning. *Brown v. Allen,* 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953).

**3.** Having reviewed and considered the Supreme Court's decisions in *Commissioner of Internal*

being substantially similar. I find the court's conclusion to be in error.

Identity of beneficiaries is not a prerequisite to a finding that two trusts are substantially similar or interrelated. There is no mention of such a factor in *Estate of Grace.* In fact, the beneficiaries of the trusts in *Grace* were not identical. In *Krause,* we approved the application of the doctrine where the husband named the couples' children as beneficiaries and the wife named their grandchildren. 497 F.2d at 1110. Similarly, in *Lehman v. Commissioner,* 109 F.2d 99 (2d Cir.), *cert. denied,* 310 U.S. 637, 60 S.Ct. 1080, 84 L.Ed. 1406 (1940), the original case applying the reciprocal trust doctrine, each trust named only one brother as beneficiary. *See Lehman,* 109 F.2d at 100 (two brothers named each others' children as beneficiaries); *see also Hill's Estate v. Commissioner,* 229 F.2d 237, 239–41 (2d Cir.1956) (applying doctrine to trusts naming different sisters as beneficiaries); *Commissioner v. Warner,* 127 F.2d 913, 915–16 (9th Cir.1942) (same). In *Estate of Bischoff v. Commissioner,* 69 T.C. 32, 1977 WL 3667 (1977), the case on which the district court relied, the trustees did have the identical power to act on behalf of each and every beneficiary. Nevertheless, the cases applying the doctrine demonstrate that identity of beneficiaries is not dispositive.

Interrelatedness depends on a number of factors including: the similarity in the terms of the trusts, *see Lehman v. Commissioner,* 109 F.2d 99, 100 (2d Cir.1940); the dates on which the trusts were created; *see Grace,*

---

*Revenue v. Holmes,* 327 U.S. 813, 66 S.Ct. 519, 90 L.Ed. 1037 (1946) and *Lober v. United States,* 346 U.S. 335, 74 S.Ct. 98, 98 L.Ed. 15 (1953), both of which predate its decision in *Grace,* this court concludes that the effect of those cases upon ultimate tax inclusion in the instant case, if any, would be relevant only if the reciprocal trust doctrine as interpreted in *Grace* required the trusts in the instant case to be uncrossed. Stated differently, the rationale of *Estate of Holmes* and Lober cannot be relied upon to extend the reciprocal trust doctrine to include retained non-economic discretionary fiduciary powers including powers to reinvest and time distribution of trust income and corpus until the core mandate of retained economic benefits by the settlor/trustee has been satisfied.

395 U.S. at 323, 89 S.Ct. at 1734–35; similarity or identity of trusts assets; *id.;* and whether the trusts appeared in pursuance of a prearranged plan of gifting, *see Exchange Bank and Trust v. United States,* 694 F.2d 1261, 1266 (Fed.Cir.1982).

In this case, the trusts were simultaneously executed and amended under the same terms and funded with the same amounts of money. The trusts also contained the same operative terms and identical addenda. In addition, the trusts mirrored each other in the sense that each grandparent was a trustee of the trust the other created, and each was a trustee for one grandchild. These factors can point only to the conclusion that the trusts were interrelated. Therefore, I would reverse the district court's holding that there trusts were not interrelated.

## II.

In addition to the requirement that trusts be "interrelated" in order to be reciprocal, *Estate of Grace* imposes the requirement that the trusts "leave[ ] the settlors in approximately the same economic position as they would have been in had they created trusts naming themselves as life beneficiaries." 395 U.S. at 324, 89 S.Ct. at 1735. The majority opinion focuses solely on this element of the *Grace* test, which the district court never addressed.

The majority, in my opinion, mistakenly concludes that the retained economic benefits did not "satisf[y] the *core* mandate of *Grace*," although "the settlor/trustee retained fiduciary powers to reinvest income and time distribution of trust income and corpus until the beneficiaries reach 21 years of age." Maj. Op. at 154. To the contrary, I believe that this is precisely the sort of arrangement that this court has previously found to be prohibited under the reciprocal trust doctrine. *See Krause v. Commissioner,* 497 F.2d 1109, 1112 (6th Cir.1974) (affirming Tax Court's holding that reciprocal trust doctrine applied where husband and wife taxpayers created cross-trust arrangements whereby husband transferred property in trust for the benefit of the couple's children, whereas wife transferred property in trust for benefit of couple's grandchildren), *cert. denied,* 419 U.S. 1108, 95 S.Ct. 780, 42 L.Ed.2d 804 (1975).[1]

In this case, if the decedent had named himself as the trustee of the Jennifer trust, his Estate would be liable for taxes on the value of the trust. Section 2036(a) provides:

> The value of the gross estate shall include the value of all property to the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money's worth) by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for an period which does not in fact end before his death—
>
> . . . .
>
> (2) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom.

I.R.C. § 2036 (1988). In *United States v. O'Malley,* the Supreme Court held that the retained power to determine when payments of income or principal would be made to the beneficiary is sufficient to trigger inclusion of the trust assets in the estate of the decedent. 383 U.S. 627, 631, 86 S.Ct. 1123, 1126, 16 L.Ed.2d 145 (1966). The Court stated:

> Here [the settlor-trustee] was empowered, with the other trustees, to distribute the trust income to the income beneficiaries or to accumulate it and add it to the principal, thereby denying to the beneficiaries the privilege of immediate enjoyment and conditioningtheir eventual enjoyment upon surviving the termination of the trust. This is a significant power, and of sufficient substance to be deemed the power to "designate" within the meaning of § 811(c)(1)(B)(ii) [the precursor to § 2036(a) ].

*O'Malley,* 383 U.S. at 631, 86 S.Ct. at 1126.

Had Green named himself trustee of the Jennifer trust, he would have retained the

---

1. *See also Exchange Bank & Trust Co. v. United States,* 694 F.2d 1261 (Fed.Cir.1982); *Moreno's Estate v. Commissioner,* 260 F.2d 389 (8th Cir. 1958); *Glaser v. United States,* 306 F.2d 57, 61 (7th Cir.1962).

powers to deny his granddaughter immediate enjoyment and thus the power to designate. Therefore, the value of the trust would be included in his gross estate. The same would apply to the trust created by Norma Green if she were the named trustee. Instead, Green and his wife named each other as trustees of their respective trusts, and under the majority's holding, were able to avoid the inclusion of the trusts assets in their estates and avoid additional estate taxes.

In *Grace,* the Supreme Court concluded that application of the reciprocal trust doctrine was appropriate because the transactions left the parties in the same economic position as they were before the creation of the trusts. 395 U.S. at 324, 89 S.Ct. at 1735. The same has occurred with the Greens. The parties in *Grace* maintained their economic positions through retention of a life estate, where the Greens' maintained their economic positions through retention of the power to designate whom would enjoy the trust assets. Retaining either of these economic interests subjects a party to estate taxes under section 2036.

The Tax Court has previously applied the reciprocal trust doctrine to an arrangement identical to the Greens' crossed trusts. In *Bischoff v. Commissioner,* the Tax Court applied the reciprocal trust doctrine to trusts in which parties retained the power to accumulate or distribute trust income and corpus to the trust beneficiaries in their sole discretion, 69 T.C. 32, 1977 WL 3667 (1977). In *Exchange Bank & Trust v. United States,* the Federal Circuit adopted the court's reasoning from *Bischoff,* and concluded that the settlor's retention of a substantial economic interest is not a prerequisite to applying the doctrine. 694 F.2d 1261, 1268 (Fed.Cir. 1982).

The majority holds that the reciprocal trust doctrine does not apply because the Greens' trust arrangement did not leave the parties in the same economic position as they would have been in if they had created trusts naming themselves as life beneficiaries. I do not agree that this is the core mandate of the reciprocal trust doctrine. *See* Maj. Op. at 153. Rather I find the Court's pronounce-

ment limited to the facts of *Grace.* In *Grace* the Court was presented with a situation in which the parties sought to circumvent the estate tax on their retained life estates. In the present case, we are presented with parties attempting to avoid the estate taxes on their retained powers to designate. This distinction I do not choose to minimize. Thus, instead of looking to the fact specific language requiring the parties to be in the same position if they had named themselves beneficiaries of the estate, I look to the Court's broader pronouncements on economic position.

I find that the Greens' trusts were interrelated and that the trusts arrangements failed to disturb the grandparents economic positions with respect to their granddaughters. I would apply the reciprocal trust doctrine to uncross these trusts and include the value of the trust property in Jack Green's estate. I respectfully dissent.